UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTINENTAL IDENTIFICATION
PRODUCTS, INC., a Michigan corporation
and SPARTAN GRAPHICS, INC., a
Michigan corporation,

       Plaintiffs,

v.

ENTERMARKET, CORP., a New York
corporation, and GOODREN PRODUCTS
SERVICES CORPORATION, a New
Jersey corporation,

       Defendants.
                                        /

File No.  1:07-CV-402

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on a motion to dismiss or to transfer venue filed by Defendants EnterMarket Corp. ("EnterMarket") and Goodren Products Services Corporation ("Goodren"). For the reasons that follow the motion will be denied in part and held in abeyance as to two issues pending further briefing.

### I.

Plaintiffs Continental Identification Products Inc. ("Continental") and Spartan Graphics Inc. ("Spartan") filed this breach of contract action in the Kent County Circuit Court against Defendants EnterMarket and Goodren. Defendants removed the action to federal court on the basis of diversity of citizenship and then filed a motion to dismiss or to

transfer venue. Plaintiffs oppose the motion, relying in part on their amended complaint filed on the same date as their response to the motion. In reply, Defendants contend that Plaintiffs are precluded from amending their complaint, or, in the alternative, that the complaint, even as amended, is still subject to dismissal for failure to state a claim, for lack of personal jurisdiction, and for improper venue, or, in the alternative, that it should be transferred to the Southern District of New York.

## A. Amended Complaint

Plaintiffs' original complaint for breach of contract and account stated sought damages in the amount of $351,210.72, based upon an agreement dated November 16, 2000, that was in full force and effect in 2005. (Docket # 1, Compl. ¶¶ 14, 15, 19, 23, 28.) Attached to Plaintiffs' original complaint is an affidavit from Judy O'Rourke, Plaintiffs' Controller, stating that the total outstanding balance on the account is $351,210.72. (O'Rourke Aff. ¶ 4.) Plaintiffs' amended complaint for breach of contract and promissory estoppel seeks damages in the amount of $134,695.72, based upon an August 2003 agreement that superseded the November 16, 2000, agreement. (Docket # 9, Am. Compl. ¶¶ 21, 24, 29, 30.)

Plaintiffs' first amended complaint supersedes their original complaint. *Parry v. Mohawk Motors of Mich. Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000). Defendants do not suggest that a plaintiff should generally be precluded from introducing a new or even a contradictory legal theory of recovery in an amended complaint. However, Defendants contend that the amended complaint in this case contains allegations that are "fundamentally

inconsistent" with statements previously made under oath in judicial pleadings, and that Plaintiffs are precluded from amending their complaint in a manner that would contradict those prior judicial admissions. In support of this argument Defendants rely on *Crump v. Darling*, No. 1:06-CV-20, 2007 WL 851750 (W.D. Mich. Mar. 21, 2007) (Bell, C.J.). In *Crump* this Court held that where the plaintiff had previously filed a verified complaint setting forth facts showing that he had not exhausted his administrative remedies, he could not thereafter introduce evidence contrary to those judicial admissions in order to survive a Rule 12(b)(6) motion in a second case. *Id.* at *4 n.4 (citing *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996) (holding that judicial admissions of liability are normally conclusive)).

Plaintiffs' assertion that the November 2000 Agreement was still in force in 2005 is found in Plaintiffs' original complaint. The complaint was not verified and this statement does not appear in O'Rourke's affidavit. Accordingly, it is not a judicial admission. O'Rourke's affidavit alleges that Plaintiffs sold their products to Goodren on an open account and that the total outstanding balance on the account is $351,210.72. (O'Rourke Aff. ¶¶ 2, 4.) Assuming O'Rourke's statements are judicial admissions, the Court nevertheless disagrees with Defendants' assertion that the statements are fundamentally inconsistent with the allegations in Plaintiffs' amended complaint. Plaintiffs' amended complaint still alleges that Goodren purchased Plaintiffs' product on open account and that the parties entered into an agreement in November 2000. (Am. Compl. ¶¶ 14, 16.) However, in their amended

3

complaint Plaintiffs no longer seek damages under the November 2000 Agreement. Instead, they seek a smaller amount of damages under the August 2003 Agreement that allegedly superseded the November 2000 Agreement. O'Rourke's factual assertion as to the amount owed under the November 2000 Agreement is not fundamentally inconsistent with Plaintiffs' new theory of recovery for a different amount under a different agreement. Accordingly, the Court rejects Defendants' assertion that Plaintiffs are precluded from amending their complaint on the basis that it is inconsistent with Plaintiffs' previous judicial admissions.

**B. Improper Venue**

Defendants move to dismiss the complaint pursuant to 12(b)(3) on the basis that venue in this court is improper under 28 U.S.C. § 1391(a).

"Venue in removed cases is governed solely by § 1441(a)." *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002). Section 1441(a) provides that defendants may remove a civil action brought in a state court of which the federal district courts have original jurisdiction, "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This action was removed to the United States District Court for the Western District of Michigan from the Kent County Circuit Court, a state court within the area embraced by the Western District. This district is the only venue permitted by § 1441(a). *See Kerobo*, 285 F.3d at 534 ("Here, the action was removed to the district court in the Eastern District of Michigan from state court within the area embraced by the Eastern District of Michigan. Hence, the action

4

was removed to the only venue permitted by § 1441(a)."). Venue in this Court is proper, and Defendants' motion to dismiss for improper venue will accordingly be denied.

## C. Transfer

Even if venue is proper, Defendants have moved in the alternative for the transfer of this case to the Southern District of New York pursuant to the Court's authority under 28 U.S.C. § 1404. Section 1404(a) permits a court to transfer a civil action to another district where it might have been brought if the transfer would serve the interests of justice and convenience to the parties and witnesses. 28 U.S.C. § 1404(a).

Plaintiffs contend that a transfer of venue is not appropriate because if Defendants are correct in their contention that Goodren is a New Jersey corporation, then all of the Defendants do not reside in the same state and this case could not have been brought in New York.

In a diversity action, venue is proper: 1) in a judicial district where any defendant resides, if all defendants reside in the same state; 2) the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or, if there is no district in which the action may otherwise be brought, a judicial district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(a). For purposes of venue, a defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

Defendants contend, without supporting evidence, that Goodren is subject to personal jurisdiction in the Southern District of New York. Defendants accordingly assert that Goodren is deemed to reside in the Southern District of New York and that venue is proper there.

For purposes of this motion the Court will assume that this case could have been brought in the Southern District of New York. The Court nevertheless declines to transfer the case there. In ruling on a motion to transfer under § 1404(a), the Court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Business Card Exp., Inc*., 929 F.2d 1131, 1137 (6th Cir .1991)). *See also Steelcase, Inc. v. Smart Technologies, Inc*., 336 F. Supp.2d 714, 719-20 (W.D. Mich. 2004) (Quist, J.) (providing a non-exhaustive list of private and public interest concerns). The burden is on the moving party to establish that a change of venue is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3rd Cir.1995); *Chrysler Credit Corp v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

Defendants contend that the following four factors weigh in favor of transfer to the Southern District of New York: 1) enforceability of any judgment, 2) the public's interest in having local controversies adjudicated locally, 3) familiarity of the trial judge with applicable state law, and 4) the docket congestion of this Court.

The Court is not convinced that these factors warrant a transfer. Defendants' argument in favor of transfer is largely premised on its assertion that the primary issue in this case is whether EnterMarket and Goodren have merged, a matter that would likely be governed by New York law and over which the courts of New York would have a stronger local interest. Merger is not, however, the only issue nor the primary issue raised by Plaintiffs' complaint. The liability of Goodren under a 2003 Agreement with Plaintiffs, who are both Michigan corporations, is at issue, as well as Plaintiffs' claims that EnterMarket is liable to them based upon ratification and detrimental reliance. In contrast to the issue of merger, these issues are matters of local interest and impact the Michigan public's interest in having local controversies adjudicated locally. Although this Court's docket congestion was an issue when Defendants filed their brief, that congestion has fortunately been relieved by the confirmation of three district court judges. On balance, the Court concludes that the factors cited by Defendants in favor of transfer are not sufficient to overcome the presumption in favor of Plaintiffs' choice of forum. Accordingly, Defendants' motion to transfer venue will be denied.

**D. Personal Jurisdiction**

Defendants have moved to dismiss the claims against EnterMarket for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

A district court's exercise of personal jurisdiction in a diversity of citizenship case must be (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff has the burden of establishing the court's personal jurisdiction over the defendant. *Neogen*, 282 F.3d at 887. If the court does not conduct an evidentiary hearing on the issue of personal jurisdiction, the plaintiff need only make a *prima facie* showing of jurisdiction. *Id.* The plaintiff can meet this burden by establishing with reasonable particularity sufficient contacts between the defendant and the state to support jurisdiction. *Id.* Under this standard of review the court construes the facts in the light most favorable to the plaintiff and does not consider facts proffered by the defendant that conflict with those offered by the plaintiff. *Id.*

The Michigan long-arm statute extends limited personal jurisdiction over a nonresident corporation in claims "arising out of the act or acts which create any of the following relationships," including "the transaction of any business within the state." M.C.L.

§ 600.715(1). The use of the word "any" to define the amount of business that must be transacted "establishes that even the slightest transaction is sufficient to bring a corporation within Michigan's long-arm jurisdiction." *Electrolines, Inc. v. Prudential Assur. Co.*, 260 Mich. App. 144, 168, 677 N.W.2d 874 (2003). The due process analysis requires the court to consider whether the defendant has sufficient "minimum contacts" with Michigan so that the exercise of jurisdiction over it would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). The court also considers whether the defendant's contacts with the forum state "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis in original), and whether the defendant's conduct and connection with the forum are such that he "'should reasonably anticipate being haled into court there.'" *Id*. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

In their amended complaint Plaintiffs have alleged that EnterMarket regularly conducts business in Michigan, that EnterMarket is the successor by merger to Goodren, and that EnterMarket commenced doing business with Plaintiffs in 2005. (Am. Compl. ¶¶ 6, 27.)

In support of their contention that the Court cannot exercise personal jurisdiction over EnterMarket Defendants have submitted the affidavits of Jeff Kahn and Andrew Serby as well as state corporate database records indicating that EnterMarket and Goodren have not merged. (Def. Ex. A-D.) Defendants also contend that personal jurisdiction cannot be

premised on Serby's visits to Michigan because the visits occurred after the conduct giving rise to Plaintiffs' claims and were made in order to try to resolve the dispute.

In response to Defendants' motion Plaintiffs have submitted the affidavit of David Clay, Plaintiffs' Operations Manager. According to Mr. Clay, in early 2005 EnterMarket's owner, Andrew Serby, visited Plaintiffs in Michigan to discuss how EnterMarket would do business with Plaintiffs and how EnterMarket would satisfy Goodren's debt. (Clay Aff. ¶ 5.) Based upon Serby's representations regarding its anticipated merger with Goodren and the sales it would generate for Plaintiffs, Plaintiffs began to conduct business with EnterMarket. (Clay Aff. ¶¶ 6-9.) Plaintiffs have also submitted a February 27, 2006, confidentiality agreement between Defendant EnterMarket and Plaintiff Continental, (Pl. Ex. D), emails between Plaintiffs and EnterMarket regarding EnterMarket's payments on the Goodren debt, (Pl. Ex. E), Plaintiffs' accounts receivables report regarding EnterMarket/Goodren from March 17, 2005, through September 19, 2006, (Pl. Ex. F), and a copy of several pages from EnterMarket's website referencing its merger with Goodren. (Pl. Ex. G.)

Because the Court is relying solely on the parties' written submissions, the facts must be construed in the light most favorable to the plaintiff and facts proffered by Defendants that conflict with those offered by Plaintiffs cannot be considered. *Neogen*, 282 F.3d 888. The evidence submitted by Plaintiffs, when viewed under this evidentiary framework, is sufficient to make a prima facie showing that EnterMarket purposefully availed itself of the privilege of conducting business in Michigan and that this action arises out of EnterMarket's

10

transaction of business within this state. Plaintiff has made a prima facie showing that the exercise of jurisdiction over EnterMarket is authorized under the Michigan long-arm statute and is consistent with due process. Defendants' motion to dismiss EnterMarket for lack of personal jurisdiction will accordingly be denied.

**E.  Failure to State a Claim**

Defendants have also moved to dismiss the claims against EnterMarket for failure to state a claim on which relief can be granted.[1]  Fed. R. Civ. P. 12(b)(6). Defendants have raised three arguments in support of this motion. Defendants' first contention is that Plaintiffs cannot base their breach of contract claim against EnterMarket on an allegation that EnterMarket and Goodren have merged because the evidence they have submitted with their motion conclusively establishes that there was no merger.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. In evaluating a Rule 12(b)(6) motion to dismiss "all well-pleaded allegations in the complaint are treated as true." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). When matters outside the pleadings are presented in support of a Rule 12(b)(6) motion, the Court may convert the motion to a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(b). If the court intends to consider materials outside the pleadings, the plaintiff must be provided with notice and a reasonable opportunity to respond in order to prevent the

---

[1] Defendants original motion alleged that Plaintiffs' complaint failed to state a claim against either Defendant based upon the terms of the November 2000 Agreement and the applicable statute of limitations. Those issues have been mooted by Plaintiffs' amended complaint.

risk of prejudicial surprise. *Id. See also Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001) ("Rule 12 authorizes such a conversion but mandates that parties be given an opportunity to submit materials to support or oppose summary judgment. We have underscored this requirement of 'unequivocal notice' on numerous occasions."); *Harrington v. Painter*, No. 03-5675, 2003 WL 23156645 (6th Cir. Dec. 18, 2003) (reversing dismissal where court gave no notice of its intention to treat a Rule 12(b)(6) motion as Rule 56 motion); *Armengau v. Cline*, 7 F. Appx. 336, 343-44 (6th Cir.2001) (same). Defendants did not file a motion for summary judgment under Rule 56, nor did they request that their Rule 12(b)(6) motion be converted to a motion under Rule 56. The Court declines to convert this motion to a motion under Rule 56 and the Court will not consider the evidence submitted by Defendants for purposes of their Rule 12(b)(6) motion.

Defendants contend that the Supreme Court's recent opinion in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), set forth a new, more rigorous pleading standard, requiring a complaint to allege facts showing that the plaintiff's entitlement to relief is plausible, rather than merely possible. *Id.* at 1964-65.

*Bell Atlantic* focused on pleading requirements rather than evidentiary requirements: "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. *Bell Atlantic* did not suggest that an inquiry into the truth of the factual allegations would be appropriate under Rule 12(b)(6). On the contrary, the Supreme Court

12

specifically noted that "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations," and that "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

For purposes of Defendants' Rule 12(b)(6) motion the Court will accept as true Plaintiffs' allegation that EnterMarket and Goodren have merged. Of course, the denial of Defendants' motion to dismiss for failure to state a claim on this ground would not preclude a later summary judgment motion arguing that the plaintiff in fact cannot show evidence to support the claim. *Stemler v. Florence*, 350 F.3d 578, 590 (6th Cir. 2003).

Defendants have raised two additional arguments in support of their motion to dismiss for failure to state a claim. They contend that Plaintiffs' claim that EnterMarket is liable for breach of contract based upon its president's promise to pay Goodren's debt is barred by the statute of frauds. *See* M.C.L. § 566.132; *Shurlow Tile & Carpet Co. v. Farhat*, 60 Mich. App. 486, 231 N.W.2d 384 (1975). They also contend that Plaintiffs' promissory estoppel claim against EnterMarket fails because Plaintiffs have not adequately alleged that they made any detrimental change in their position in reliance on EnterMarket's statement that it would be responsible for Goodren's debt. *See Charter Twp. of Ypsilanti v. Gen'l Motors Corp.*, 201 Mich. App. 128, 133, 506 N.W.2d 556 (1993).

Plaintiffs' claims based upon an oral promise and promissory estoppel were raised for the first time in their amended complaint, which was not filed until after Defendants filed

their motion to dismiss.  Accordingly, Defendants' contention that Plaintiffs have failed to state a claim upon which relief can be granted under these theories was, by necessity, raised for the first time in Defendants' reply brief.  The local court rules do not anticipate additional briefing without leave of court,  W.D. Mich. LCivR 7.2(c), and the Court is reluctant to consider arguments that have not been fully briefed.  Accordingly, the Court will permit Plaintiffs 10 days from the date of this opinion to file a response to Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs' claims against EnterMarket that are based upon an oral promise and promissory estoppel.

## II.

For the reasons stated above, Defendants' motion to dismiss will be denied as to all issues, with the exception that Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs' claims against EnterMarket based upon an oral promise and promissory estoppel will be held in abeyance pending a response from Plaintiffs.

An order consistent with this opinion will be entered.

Date:    October 9, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE