UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTINENTAL IDENTIFICATION
PRODUCTS, INC., a Michigan corporation,
and SPARTAN GRAPHICS, INC., a
Michigan corporation,

        Plaintiffs,

v.

ENTERMARKET, CORP., a New York
corporation, and GOODREN PRODUCTS
SERVICES CORPORATION, a New
Jersey corporation,

        Defendants.
                                  /

File No.  1:07-CV-402

HON. ROBERT HOLMES BELL

## O P I N I O N

      Defendants EnterMarket Corp. ("EnterMarket") and Goodren Products Services Corporation ("Goodren") filed a motion to dismiss or to transfer venue. (Dkt. No. 5.)  In an opinion and order dated October 9, 2007, this Court denied Defendants' motion in part, but reserved ruling on Defendants' 12(b)(6) motion to dismiss Plaintiffs' claims against EnterMarket based upon an oral promise and promissory estoppel in order to allow Plaintiffs an opportunity to respond to these arguments. (Dkt. Nos. 11, 12, Op. and Order.)  Plaintiffs have filed their supplementary response to Defendants' motion and the remaining issues

1

raised in Defendants' motion to dismiss are now ripe for review. For the reasons that follow Defendants' motion to dismiss will be denied.

**I.**

In support of their breach of contract claim against Defendant EnterMarket, Plaintiffs Continental Identification Products Inc. ("Continental") and Spartan Graphics Inc. ("Spartan") have alleged that Andrew Serby, EnterMarket's president, advised Plaintiffs that EnterMarket would satisfy Goodren's obligations under the August 21, 2003 Agreement. (Am. Compl. ¶¶ 26, 35.) Defendants contend that even if this statement is true, it would not be sufficient to state a claim for breach of contract against EnterMarket because the statute of frauds requires that an agreement to be answerable for the debt of another be in writing. *See* M.C.L. § 566.132(1)(b) (a promise to answer for the debt of another is void unless it is in writing and signed by the party to be charged); *Shurlow Tile & Carpet Co. v. Farhat*, 60 Mich. App. 486, 489-90, 231 N.W.2d 384 (1975).

Plaintiffs contend that their claim against EnterMarket is not barred by the statute of frauds. The Michigan Supreme Court has declined to adopt narrow and rigid rules for compliance with the statute of frauds. *Opdyke Inv. Co. v. Norris Grain Co.*, 413 Mich. 354, 367, 320 N.W.2d 836 (1982). "The statute does not require the entire contract to be written; a 'note or memorandum' of the full contract will suffice." *Id.* "A note or memorandum may be sufficient under the statute of frauds in any number of forms, including a letter, an account statement, a draft or note, or a check." *Kelly-Stehney & Assoc., Inc. v. MacDonald's*

*Indus. Prods., Inc.*, 265 Mich. App. 105, 113, 693 N.W.2d 394 (2005). The writing requirement may also be satisfied "by several writings made at different times." *Id.* at 114. In addition, part performance may also satisfy the statute. *Opdyke*, 413 Mich. at 365.

In this case Plaintiffs have alleged that EnterMarket began to send payments in satisfaction of Goodren's debt. (Am. Compl. ¶¶ 28, 35.) Plaintiffs have also attached as an exhibit to their amended complaint an email from Andrew Serby, EnterMarket's president, indicating that he sent a $1,000 check against the Goodren debt to Plaintiffs. (Am. Compl., Ex. F.)[1] Plaintiffs assert that additional writings in the form of checks and emails will be produced during discovery. The Court is satisfied that Plaintiffs' allegations regarding the writings evidenced by checks and emails as well as part performance are sufficient to state a contract claim against Defendant EnterMarket that would survive Defendants' statute of frauds challenge under Rule 12(b)(6).

Even if the statute of frauds barred Plaintiffs' contract claim against EnterMarket, it would not bar a valid claim of promissory estoppel. *Opdyke*, 413 Mich. 365 (the doctrine of promissory estoppel has "developed to avoid the arbitrary and unjust results required by an overly mechanistic application of the rule."). Defendants, however, contend that Plaintiffs do not have a valid promissory estoppel claim. Defendants contend that Plaintiffs

---

[1]"[A] written instrument attached as an exhibit to a pleading is considered a part of the pleading." *Benzon v. Morgan Stanley Distrib., Inc*., 420 F.3d 598, 603 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(c)). Accordingly, the Court may properly consider the exhibits attached to the amended complaint in determining whether the complaint failed to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion. *Id.*

have failed to state a promissory estoppel claim against EnterMarket on which relief can be granted because Plaintiffs have not adequately alleged that they made any detrimental change in their position in reliance on EnterMarket's statement that it would be responsible for Goodren's debt.

> The elements of promissory estoppel are:
>
> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*Charter Twp. of Ypsilanti v. Gen. Motors Corp.*, 201 Mich. App. 128, 133-34, 506 N.W.2d 556 (1993) (quoting 1 *Restatement (Second) of Contracts* § 90, at 242).

Plaintiffs have alleged in their amended complaint that EnterMarket promised to satisfy Goodren's debt at the same time that EnterMarket agreed to do business with Plaintiff. (Am. Compl. ¶¶ 26, 28, 35.) Plaintiffs have also attached to their amended complaint the affidavit of David Clay, which states in relevant part: that EnterMarket's owner, Andrew Serby, visited Plaintiffs "to discuss how Entermarket would do business with Plaintiffs and how Entermarket would satisfy Goodren's debt," (Am. Compl., Ex. C, Clay Aff. ¶ 5); that "Serby stated that the sales Entermarket would generate for Plaintiffs would pay off Goodren's debt even sooner than Plaintiffs had initially hoped," (*Id.* ¶ 7); and that "[b]ased upon Mr. Serby's representations that Entermarket would satisfy Goodren's debt, Plaintiffs agreed with this arrangement." (*Id.* ¶ 9.) These statements, taken together,

allege that Plaintiffs changed their position by entering into business with EntrMarket, in reliance on EnterMarket's promise to pay Goodren's debt. These allegations are sufficient to state a claim for promissory estoppel.

Accordingly, Defendants' motion to dismiss Plaintiffs' contract and promissory estoppel claim against EnterMarket will be denied.

An order consistent with this opinion will be entered.


Date:     January 2, 2008               /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE